United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-61059
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD LEE CLONCE,
also known as Rick Clonce,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:03-CR-14-1

_____

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Richard Lee Clonce appeals his conviction and sentence for willful failure to pay child support for Ashley, the child he fathered with his ex-wife, Nancy Marsack. See 18 U.S.C. § 228(a)(3). His challenge to federal jurisdiction is without merit. There is no authority to support his argument that the term "residence" as used in 18 U.S.C. § 228(a)(3) has the same meaning as "domicile." In fact, the only courts to have considered the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

issue have found to the contrary.  See <u>United States v. Namey</u>, 364 F.3d 843 (6th Cir.), <u>cert. denied</u>, 125 S. Ct. 302 (2004); <u>United States v. Venturella</u>, 391 F.3d 120, 131 (2d Cir. 2004).  Moreover, the clear language of the statute reveals that the issue was where Ashley resided and not where her parents claimed to be domiciled. 18 U.S.C. § 228(a)(3).  Clonce's inquiry into Marsack's domicile was irrelevant and was properly excluded.  FED. R. EVID. 401, 402.

Clonce argues that in light of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), this case should be remanded for resentencing.  The Government concedes this issue.  Because there does not appear to be anything in the record "that would prove beyond a reasonable doubt that the district court would not have sentenced [Clonce] differently had it acted under an advisory Guidelines regime," Clonce is entitled to a remand for resentencing.  <u>United States v. Akpan</u>, 2005 WL 852416, *11 (5th Cir. 2005).

Clonce's challenge to the constitutionality of 18 U.S.C. § 228 is without merit.  See <u>United States v. Bailey</u>, 115 F.3d 1222, 1226-30, 1232-33 (5th Cir. 1997).

**VACATED AND REMANDED FOR RESENTENCING.**